UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-5142 FMO (DSR)                    Date: July 9, 2026

Title        ALEXANDER SMITH v. WARDEN LEPE

Present:  The Honorable:   Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**          (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On April 30, 2026, Petitioner Alexander Smith, who appears to be an inmate at the United States Penitentiary in Victorville, California, filed a Petition for Writ of Habeas Corpus, purportedly under 28 U.S.C. § 2241.  See Doc. No. 1.  The Petition is unclear on its face, but it appears that Petitioner challenges his conviction for possession of a firearm and/or ammunition, on the basis that it violates the terms of a 2025 Executive Order titled "Protecting Second Amendment Rights."  Id.

Before the Court can consider the merits of Petitioner's claim, or even order the Respondent to answer the Petition, the Court must first determine whether it even has jurisdiction over this case.  Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  For federal prisoners wishing to challenge matters related to their convictions and/or sentences, there are two statutory bases for federal court jurisdiction: 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  "A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement."  Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012), as amended (May 31, 2012) (citing Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006)).  Such a motion must be filed in the sentencing court.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  Section 2241, on the other hand, generally applies to petitions that "challenge the manner, location, or conditions of a sentence's execution," and must be brought in the district covering where the petitioner is being held.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-5142 FMO (DSR)                              Date: July 9, 2026

Title         ALEXANDER SMITH v. WARDEN LEPE


As noted above, Petitioner here appears to challenge the validity of his conviction on firearms charges.  Generally, the exclusive method to do so is a motion under Section 2255 in the sentencing court.  This case is not such a motion, however.  Instead, Petitioner has filed a petition under Section 2241.  Moreover, there is no indication in the Petition that Petitioner was convicted and sentenced in this District.  Under the general rule discussed above, this Court therefore does not appear to have jurisdiction over Plaintiff's challenge to his firearms conviction.

There is a narrow exception to that general rule, however, set forth under the "savings clause" of Section 2255, which permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention."  Hernandez, 204 F.3d at 864-65; see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").

On the facts pled on the face of the Petition, this case does not fit within that narrow exception.  While the Petition does state "[t]he petitioner in this petition claims a motion to vacate sentence under 28 U.S.C. 2255 is inadequate and ineffective to test the legality of the Petitioner's detention," see Pet. at ECF p. 2 (cleaned up), he does not allege any facts in support of that contention.  Petitioner must allege facts, not mere conclusions, to state a viable claim for habeas corpus relief.  See Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"), Rule 1(b) (stating that the District Court may apply Section 2254 Rules to habeas petitions beyond those filed under Section 2254) and Rule 2(c) (listing the requirements for a petition for writ of habeas corpus, including that it "state the facts supporting each ground" for relief); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the obligation to plead the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Here, Petitioner merely parrots the language of the "savings clause" under Section 2255(e).  That is insufficient to invoke the narrow exception.

Accordingly, because Petitioner does not qualify under the savings clause of Section 2255, jurisdiction over his challenge to his conviction lies exclusively with the sentencing court.  Petitioner does not allege that he was sentenced in this Court; thus, it plainly appears from the face of the Petition that Petitioner is not entitled to relief in this Court, and the Petition should be dismissed.  See Habeas Rule 4.

Petitioner is therefore **ORDERED TO SHOW CAUSE**, no later than **August 10, 2026**, why this Court should not recommend that the Petition be dismissed without prejudice for lack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-5142 FMO (DSR)                     Date: July 9, 2026

Title       ALEXANDER SMITH v. WARDEN LEPE

of jurisdiction.  Petitioner is advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Petitioner's convenience.

**Petitioner is further advised that if he fails to respond to this Order to Show Cause by the August 10th deadline, the Court may recommend that this action be dismissed for lack of jurisdiction and his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).

|  | : |
|---|---|
| **Initials of Preparer** | LK |